## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

                                              Criminal No. 23-139-1 (JRT/DTS)
                              Plaintiff,           Civil No. 25-4316 (JRT)

v.                                    **MEMORANDUM OPINION AND ORDER
                                       DENYING DEFENDANT'S MOTIONS TO
                                       REDUCE SENTENCE, MOTION FOR DAYS
                                       CREDIT, MOTION FOR COMPASSIONATE
TYRELL TERRENCE ASHFORD,               RELEASE, MOTION TO DROP CASE, AND
                                       MOTION TO VACATE UNDER
                              Defendant.        28 U.S.C. § 2255**

Benjamin Bejar, Craig R. Baune, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and

Katherine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, St. Paul, MN 55101, for Plaintiff.

Tyrell Terrence Ashford, BOP Register Number 62565-510, FCI Beckley, Federal Correctional Institution, P.O. Box 350, Beaver, WV 25813, *pro se* Defendant.

Defendant Tyrell Terrence Ashford is currently serving a 92-month sentence after pleading guilty to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).  Ashford has filed six separate motions seeking relief from his sentence.  After careful review of Ashford's motions, the Court concludes that none warrant relief at this time.  The Court will therefore deny each motion.

**DISCUSSION**

## I. MOTIONS TO REDUCE SENTENCE

First, the Court addresses Ashford's two motions for reduced sentence. Ashford requests a reduced sentence "under the new[] . . . guidelines that seek four points for a stolen gun," (Pro Se Mot. Reduce Sentence, Feb. 25, 2025, Docket No. 111) and under "the new guideline for having ammunition the 2 point reduction," (Pro Se Mot. Reduce Sentence, Mar. 17, 2025, Docket No. 117).

The Court has authority to reduce an offender's sentence after if it is imposed if he or she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Although Ashford's motions do not specify which amendment to the sentencing guidelines provides the basis for the requested sentencing reduction, it appears Ashford refers to Amendment 821.[1]

Ashford was sentenced on December 20, 2023, under the 2023 Sentencing Guidelines. (Sentencing J., Jan. 2., 2024, Docket No. 89.) Amendment 821 was already in effect on this date; and therefore, any impact of Amendment 821 on the calculation of

---

[1] *See United States v. Youngman*, No. 24-1369, 2025 WL 1554929, at *1 n.2 (8th Cir. Jun. 2, 2025) ("After Amendment 821, a defendant with six or fewer criminal history points receives no status points, and a defendant who has seven or more criminal history points receives only one status point for 'commit[ting] the instant offense while under any criminal justice sentence.'" (citing USSG § 4A1.1(e)).

Ashford's sentence was accounted for in the sentencing judgment.[2] Because Ashford's

sentence was not "based on a sentencing range that [was] subsequently lowered," 18

U.S.C. § 3582(c)(2), the Court will deny Ashford's motions to reduce his sentence.

## II.    MOTION FOR DAYS CREDIT

Next, the Court considers Ashford's Motion for Days Credit. Ashford states that he

seeks credit for time spent in federal custody prior to the imposition of his sentence. (Pro

Se Mot. Days Credit, Feb. 25, 2025, Docket No. 112.)

"After a district court sentences a federal offender, the Attorney General, through

the BOP, has the responsibility for administering the sentence." *United States v. Wilson*,

503 U.S. 329, 335 (1992). Accordingly, the computation of credit for time spent in federal

custody is a "determination . . . properly left to the Bureau of Prisons." *United States v.*

*Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); *see Wilson,* 503 U.S. at 334 ("[18 U.S.C.] §

3585(b) does not authorize a district court to compute the credit at sentencing.").

To challenge the calculation of his sentence, Ashford must do so through a petition

for writ of habeas corpus, and only after exhausting available administrative remedies

through the Bureau of Prisons. *See United States v. Chappel*, 208 F.3d 1069, 1069–70 (8th

Cir. 2000) (denying inmate's petition seeking credit on his federal sentence for time spent

---

[2] The United States noted as much in their position papers at sentencing, stating, "[g]iven the 2023 Guidelines amendments, however, (effective Nov. 1, 2023), the defendant should only incur one additional point under USSG 4A1.1(d), for a total of 21 criminal history points, which still yields a criminal history category of VI." (Gov't Sentencing Mem. at 4 n.1, Nov. 14, 2023, Docket No. 75.)

in state custody because he failed to exhaust administrative remedies). Because Ashford
has not done so, the Court will deny Ashford's Motion for Days Credit.

### III.    MOTION FOR COMPASSIONATE RELEASE

Ashford also moves for compassionate release under 18 U.S.C. § 3582(c). (Pro Se
Mot. Compassionate Release, Mar. 3, 2025, Docket No. 113.) Defendants may move for
compassionate release only after they have "fully exhausted all administrative rights to
appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of
30 days from the receipt of such a request, . . . whichever is earlier." 18 U.S.C. §
3582(c)(1)(A). Because the record does not demonstrate that Ashford has exhausted
administrative remedies, the Court cannot evaluate the merits of Ashford's motion for
compassionate release. The Court therefore must deny Ashford's motion.

However, even if the Court considered the merits of Ashford's motion, the Court
would deny the motion. The Court is empowered to modify a defendant's sentence if,
after considering the statutory factors set forth in 18 U.S.C. § 3553(a), it finds that
"extraordinary and compelling reasons warrant such a reduction" and "such a reduction
is consistent with applicable policy statements issued by the Sentencing Commission." 18
U.S.C. § 3582(c)(1)(A). Ashford contends that his release is necessary to allow him to care
for his two daughters, which could potentially qualify as an extraordinary or compelling
reason under USSG § 1B1.13(b)(3). But when considering a motion for compassionate
release, the Court must also consider, among other factors, the nature and circumstances
of the offense, the history and characteristics of the defendant, the need to provide a just

-4-

punishment for the offense, and the need to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a); *see* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors).  In light of these factors, even if the Court were to consider the merits of Ashford's motion, the Court would conclude that compassionate release at the present time is premature.

For all these reasons, the Court will deny Ashford's motion for compassionate release.

## IV.    MOTION TO DROP CASE

Additionally, Ashford has filed a Motion to Drop Case arguing that the Government is "not . . . able to prove that I am the person who stole this firearm," and "can't prove that I cross[ed] state lines with [the] gun."  (Pro Se Mot. Drop Case, Mar. 3, 2025, Docket No. 114.)

Ashford pled guilty to the criminal charge of possession of a stolen firearm in violation of 18 U.S.C. § 922(j) and 924(a)(2).  (Plea Agreement, Aug. 7, 2023, Docket No. 43.)  The Court sentenced Ashford to 92 months imprisonment for that offense, and the Court "may not modify a term of imprisonment once it has been imposed" save for certain narrow circumstances.  18 U.S.C. § 3582(c).  Ashford's Motion to Drop Case does not identify any such circumstances, and the Court will therefore deny the motion.

## V.    MOTION TO VACATE UNDER 28 U.S.C. § 2255

Finally, Ashford has filed a Motion to Vacate his sentence under 28 U.S.C. § 2255. (Pro Se Mot. Vacate Under 28 U.S.C. § 2255 ("Mot. Vacate"), Nov. 12, 2025, Docket No.

119.)  Section 2255 allows a federal prisoner an opportunity to seek post-conviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).  As the movant, Ashford bears the burden of demonstrating that his sentence must be vacated.  *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018).

Ashford has not met the burden to show that he is entitled to relief under § 2255. Ashford's motion states that he "was only 21 years old at the time and this is my first federal offense," and that "his mental and psychological mind was not develope[d]." (Mot. Vacate.)  Ashford argues further that he has "learned from [his] mistakes" and seeks the "chance to show I'm a better person."  (*Id.*)  While the Court appreciates Ashford's continued efforts at rehabilitation, Ashford's motion has not presented grounds upon which the Court can grant relief under § 2255.  The Court will therefore deny the motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Reduce Sentence [Docket No. 111], Motion for Days Credit [Docket No. 112], Motion for Compassionate Release [Docket No. 113], Motion to Drop Case [Docket No. 114], Motion to Reduce Sentence [Docket No. 117], and Motion to Vacate [Docket No. 119] are **DENIED**.

DATED:  December 4, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge