**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

TYRELL TERRENCE ASHFORD,

Defendant.

Criminal No. 23-139(1) (JRT/DTS)

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, MOTION TO REDUCE SENTENCE, MOTION FOR COPIES, AND MOTION UNDER § 2255**

Benjamin Bejar and Craig R Baune, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and Katherine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE,** 316 North Robert Street, Suite 404, St. Paul, MN 55101, for Plaintiff.

Tyrell Terrence Ashford, Register Number 62565-510, FCI Beckley, P.O. Box 350, Beaver, WV 25813, *pro se* Defendant.

Defendant Tyrell Terrence Ashford is serving 92-month sentence after pleading guilty to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (Sentencing J., Jan. 2, 2024, Docket No. 89.) On June 8, 2026, Ashford filed three motions seeking relief from his sentence (Pro Se Mot. Compassionate Release, Docket No. 126; Pro Se Mot. Reduce Sentence, Docket No. 127; Pro Se Mot. Challenge Conviction Under 18 U.S.C. § 2255, Docket No. 129) and a motion seeking copies of certain documents (Mot.

for Copies, Docket No. 128.) After careful review of Ashford's motions, the Court concludes that none have merit at this time, and the Court will deny each motion.

## DISCUSSION

### I. MOTION FOR COMPASSIONATE RELEASE

Once a defendant has exhausted administrative remedies, the Court may modify a sentence if, after considering the sentencing factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden of showing that compassionate release is appropriate. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).[1]

For two reasons, the Court will deny the motion. **First**, the current record does not provide sufficient evidence for the Court to determine that Ashford has exhausted administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (giving a court authority to modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights"). **Second**, Ashford's statements—that he has witnessed fellow inmates being harmed and killed, experienced poor food quality and communication restrictions, and has witnessed prison staff engaging in sexual activity

[1] Ashford previously moved for compassionate release on March 3, 2025, and the Court denied the motion. (*See* Docket No. 113); *United States v. Ashford*, Crim. No. 23-139(1), 2025 WL 3533297, at *2 (D. Minn. Dec. 8, 2025).

with inmates—while certainly troubling, do not warrant compassionate release in this case. *See* 18 U.S.C. § 3582(c)(1)(A)(i) (noting that the Court must find that "extraordinary and compelling reasons warrant such a reduction" in an imposed term of imprisonment); *see also* U.S.S.G. § 1B1.13(b) (providing circumstances under which extraordinary and compelling reasons exist). Accordingly, the Court will deny Ashford's Motion for Compassionate Release.

## II. MOTION TO REDUCE SENTENCE

Ashford also moves to reduce his sentence under 18 U.S.C. § 3582(c)(2), which empowers a Court, after considering the sentencing factors set forth in § 3553(a), to reduce a sentence which was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Ashford states that "the original sentence of 92 months was 43 percent below the [old] guideline range," and requests that "the Court to enter a new sentence that is 43 percent below the new guideline range." (Mot. Reduce Sentence.) Ashford relies on Amendment 782 to the U.S. Sentencing Guidelines as creating the new lower sentencing range which he references. (*See id.*)

Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, reduced the base offense level for most drug quantities by two levels under U.S.S.G. § 2D1.1. But this amendment was effective long before Ashford's sentence was

imposed under the 2023 Guidelines, and the substance of the amendment is not relevant to Ashford's charges. Thus, the Court will deny the motion.

## III. MOTION FOR COPIES

Ashford has also filed a motion "to get [his] paperwork" including "all my motions I filed and my plea agreement." (Mot. Copies, June 8, 2026, Docket No. 128.) Ashford certainly should have previously been provided with copies of these documents. A motion with the Court is not, however, the appropriate avenue for requesting additional copies. The Court advises Ashford to contact the Clerk of Court to if he requires additional assistance obtaining copies of the documents he requests.

## IV. 28 U.S.C. § 2255

Finally, Ashford has filed a motion to challenge his conviction under § 2255 on the grounds that the statutes supporting his conviction are unconstitutional, and that his counsel did not provide effective advocacy. (Docket No. 129.) However, 28 U.S.C. § 2255(h) precludes the Court from ruling on a "second or successive" motion under § 2255 except in narrow circumstances, and the Court has already denied Ashford's first § 2255 motion. (*See* Order, Docket No. 121.) Furthermore, even if the Court were to consider the motion on the merits, Ashford's one-paragraph filing does not provide any argument to support these conclusory assertions, and provides no basis for the Court to grant relief at this time. The Court will therefore deny the motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Tyrell Terrence Ashford's Pro Se Motion for Compassionate Release (Docket No. [126]), Pro Se Motion to Reduce Sentence (Docket No. [127]), Pro Se Motion for Copies of Documents (Docket No. [128]), and Pro Se Motion to Challenge Conviction (Docket No. [129]) are **DENIED**.

DATED: August 18, 2026
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge